UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC S. SCANLAN,  Case No. 13-cv-440-pp

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER GRANTING IN PART AMENDED PETITION (DKT. NO. 11), AND COMMITTING TO AMENDING THE PETITIONER'S JUDGMENT OF CONVICTION IN CASE NO. 10-CR-25, AS REFLECTED IN THIS ORDER**

---

On September 30, 2010, the late Judge Rudolph T. Randa sentenced the petitioner to serve ninety-three (93) months in custody, after his guilty plea to the charge of being a felon in possession of a firearm under 18 U.S.C. §922(g)(1). Case No. 10-cr-25, at Dkt. Nos. 20, 21. On June 10, 2010, the defendant entered his guilty plea to the felon-in-possession charge. Id. at Dkt. No. 19. The plea agreement provided that the base offense level for the crime of conviction was level 24, pursuant to U.S.S.G. §2K2.1(a)(2) (although it left the defendant free to argue for a lesser offense level). Id. at Dkt. No. 18 at 6. The agreement also provided that the government would recommend a two-level decrease to that offense level for acceptance of responsibility, and also would (under appropriate circumstances) move for an additional one-level decrease under U.S.S.G. §3E1.1(b). Id. Finally, the government agreed to recommend a sentence within the applicable guideline range. Id. at 7.

1

On September 30, 2010, Judge Randa sentenced the defendant to the 93-month sentence. Id. at Dkt. No. 20. The court minutes from the sentencing indicate that Judge Randa sentenced the defendant to serve 96 months, but gave him three months' credit for time he'd served in state custody. Id. The minutes also indicated that the defendant's criminal history category was VI. Id. at 3. Finally, the minutes indicated that while the court could have imposed a sentence above the guidelines range, it instead imposed the top-of-the-range, 96-month sentence. Id. at 4.

The sentencing table in the 2010 Sentencing Guidelines Manual shows that an offense level of 21 (the level 24 the government recommended in the plea agreement, minus 3 levels for acceptance of responsibility) in criminal history category VI yielded a sentencing range of 77 to 96 months; a sentence of 96 months was the highest sentence available in that range.

As the plea agreement indicated, the relevant sentencing guideline was U.S.S.G. §2K2.1. Section 2K2.1(a)(2) of the 2010 version of the Guidelines manual reflects that, if a defendant was convicted of being a felon in possession of a firearm it says that if the defendant committed any part of the instant offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," the base offense level for beginning the guidelines calculations was 24. If the same defendant had only one qualifying prior, §2K2.1(a)(4) stated that his base offense level would be 20. Application Note 1 to §2K2.1 stated that the definition of "crime of violence" for the purposes of §2K2.1(a) "has the meaning give that term in

2

4B1.2(a) and Application Note 1 of the Commentary to 4B1.2." In the 2010 manual, §4B1.2 defined "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The petitioner appealed Judge Randa's sentence to the Seventh Circuit. Id. at Dkt. No. 23. He argued that Judge Randa erred in including as one of the §2K2.1(a) predicate "crimes of violence" his conviction for first-degree residential burglary under California Penal Code § 459. Case No. 10-cr-25, Dkt. No. 33 at 4-5. He argued that burglary under §459 was not an enumerated crime of violence under the §4B1.2 definition. Id. The Seventh Circuit disagreed, and affirmed the sentence. Id. at 7-8.

On April 22, 2013, the petitioner filed the current motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Scanlan v. United States, Case No. 13-cv-440, Dkt. No. 1. The petition asserted two grounds: that the petitioner's lawyer had provided ineffective assistance of counsel and that his sentence violated the Fourteenth Amendment Due Process Clause. Id. Judge Randa appointed counsel to represent the petitioner, Dkt. No. 6, and on October 11, 2013, counsel filed an amended petition, Dkt. No. 11. The amended petition retained the ineffective assistance of counsel claim, but also argued that the district court had improperly enhanced the petitioner's sentence under §2K2.1(a)(2) under the Supreme Court's decision in Descamps

3

v. United States, 133 S. Ct. 2276 (2013), which held that a conviction for burglary under §459 of the California Penal Code could not serve as a predicate for enhancing a defendant's sentence under the Armed Career Criminal Act. Id. Judge Randa issued a briefing schedule, Dkt. No. 12, and the final brief under that schedule was filed on February 19, 2014, Dkt. No. 17.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), in which it held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. At that time, Judge Randa had not yet decided this petition, and the parties jointly asked him to give them time to submit briefs on the impact of the Johnson decision on the second issue the amended petition had raised. Dkt. No. 20. Judge Randa granted that request. After the parties had finished their briefing, however, the court stayed further proceedings, because there were several cases pending before the Seventh Circuit which could further impact the resolution of the petitioner's second issue. Dkt. No. 24. The court entered that stay on January 26, 2016. Id.

Judge Randa stayed the case pending the Seventh Circuit's rulings in United States v. Hurlburt/Gillespie, ___ F.3d ___, 2016 WL 4506717 (7th Cir., August 29, 2016) and United States v. Rollins, ___ F.3d ___, 2016 WL 4587028 (7th Cir., August 29, 2016). The Seventh Circuit now has decided those cases. Particularly relevant to this case is the court's decision in Hurlburt, in which it concluded that the residual clause of the definition of "crime of violence" in

§4B1.2 (under which predicate offenses for the purposes of §2K2.1 are defined) was unconstitutionally vague.

The defendant was sentenced five years and 391 days ago. He was sentenced to serve seven years and eleven months—the high end of the guideline range if, in fact, his starting offense level was 24, based on his having two prior convictions for "crimes of violence" as defined by §4B1.2. Since his conviction—in fact, since the date he filed this petition—the United States Supreme Court and the Seventh Circuit have issued a series of decisions which, cumulatively, have invalidated the portion of the §4B1.2 "crime of violence" definition which includes crimes which "otherwise involves conduct that presents a serious potential risk of physical injury to another." In its decision affirming the petitioner's sentence on appeal, the Seventh Circuit concluded that his prior conviction for burglary under California Penal Code § 459 qualified as a crime of violence under the very residual clause that it now has found unconstitutional. Case No. 10-cr-25, Dkt. No. 33 at 8.

The petitioner has raised this issue in a collateral attack under 28 U.S.C. §2255, and the Supreme Court has not yet ruled on whether its decision in Johnson applies retroactively to collateral attacks on sentencing enhancements predicated on the §4B1.2 residual clause. But it has accepted certiorari on that question. Beckles v. United States, 136 S. Ct. 2510 (June 27, 2016). And this circuit's law, binding on this court, has invalidated the residual clause which formed the basis for one of the predicate offenses used to enhance the petitioner's sentence.

5

Because the petitioner's California burglary conviction was not a valid predicate offense, then under U.S.S.G. §2K2.1(a)(4), he had only one predicate conviction, and his base offense level would have been 20, not 24. Subtracting the three levels for acceptance of responsibility called for in the plea agreement, he would have had an adjusted offense level of 17, in criminal history category VI, which yields (under the 2010 Guidelines Manual) a sentencing range of 51 to 63 months. Subtracting from the top of that range the three months' credit Judge Randa gave the petitioner, a top-of-the-guidelines sentence would have been sixty months—five years, almost a year less than it appears he already has served.

Given these circumstances, on September 25, 2016, the court lifted the stay Judge Randa had imposed, and ordered that by the end of the day on October 5, 2016, the respondent should file a statement with the court, indicating whether it would oppose the court entering an amended order of judgment in Case No. 10-cr-25, reflecting the sentence as calculated above.

On October 3, 2016, the court received a letter from the respondent. The letter states:

> The respondent does not object to the entry of an amended judgment as outline in the final paragraph of the Court's order dated September 25, 2016.
>
> Generally, the respondent has argued (and will continue to argue) that guideline retroactivity cases such as this one should await the Supreme Court's resolution of *Beckles*. However, the unusual posture of this case, as delineated by the Court, argues against such a course of action. Indeed, in reviewing this matter, I see that the Bureau of Prisons calculates Mr. Scanlan's *current* release date as November 23, 2016.

6

Dkt. No. 28 at 1.

Under these circumstances, the court **GRANTS IN PART** the petitioner's amended petition. Dkt. No. 11. The court **GRANTS** the petition as to Ground Two, which alleges that the petitioner's current sentence is the result of what the Seventh Circuit now has determined was an improper enhancement under §2K2.1(a)(2). The court concludes that the defendant's burglary conviction under California Penal Code §459 should not have been used as a predicate for enhancing the petitioner's sentence under §2K2.1(a)(2). The court will, as quickly as possible, amend the order of judgment in Case No. 10-cr-25, to reflect an adjusted offense level of 17, a criminal history category of IV, a sentencing range of 51-63 months, and a sentence of 60 months (a 63-month high-end sentence minus the 3 months' credit Judge Randa gave the petitioner at his original sentencing).

By separate order, the court will give the parties the opportunity to discuss further proceedings with regard to the unresolved ground for the petition, Ground One (asserting ineffective assistance of counsel).

Dated in Milwaukee, Wisconsin this 4th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge