UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC S. SCANLAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 13-cv-440-pp

**ORDER REQUIRING THAT, BY THE END OF THE DAY ON NOVEMBER 4, 2016, THE PARTIES FILE STATEMENTS REGARDING WHETHER THE PETITIONER'S SIXTH AMENDMENT CLAIM IS EFFECTIVELY MOOT, AND WHETHER FURTHER PROCEEDINGS ARE NECESSARY**

On April 22, 2013, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Dkt. No. 1. Judge Randa appointed counsel to represent the petitioner, Dkt. No. 6, and on October 11, 2013, counsel filed an amended motion, Dkt. No. 11.

The amended motion raised two issues: (1) whether the defendant was denied his Sixth Amendment right to counsel when trial counsel in United State v. Scanlan, Case No. 10-cr-25, failed to contest the use of the defendant's California burglary conviction to enhance his Guidelines sentence, and (2) whether it was improper for the sentencing court in that case to use the California burglary conviction to enhance the petitioner's sentence under U.S.S.G. §2K2.1(a)(2). Id. at 4-5.

The parties fully briefed both issues. Dkt. Nos. 14 (petitioner's brief); 16 (respondent's opposition brief); 17 (petitioner's reply brief). On October 31,

1

2014, prior to Judge Randa having ruled on the motion, Scanlan's counsel filed a letter notifying the court that the Seventh Circuit had issued recent decision which bolstered Scanlan's position regarding the timing of his petition. Dkt. No. 18. On August 10, 2015—again, before Judge Randa had issued a decision—the parties filed a joint request, asking the court to allow them to brief the issue of how the United States Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) might impact the issue the petitioner had raised in Ground Two. Dkt. No. 20. The court allowed the parties to brief that issue; the last brief was filed on November 24, 2015. Dkt. No. 23.

On January 26, 2016, Judge Randa stayed all further proceedings in this case to await the outcome of several decisions pending before the Seventh Circuit: <u>United States v. Hurlburt/Gillespie</u>, ___ F.3d ___, 2016 WL 4506717 (7th Cir., August 29, 2016) and <u>United States v. Rollins</u>, ___ F.3d ___, 2016 WL 4587028 (7th Cir., August 29, 2016). As the citations indicate, the Seventh Circuit decided those cases on August 29, 2016.

The series of cases starting with <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), and running through <u>Hurlburt/Gillespie</u> and <u>Rollins</u>, resulted in sufficient changes in the law that the court asked the respondent whether it objected to the court granting the petition as to Ground Two, to the extent of entering an amended judgment reducing the petitioner's sentence. Dkt. No. 27. The government indicated that it did not object, and the court will be entering an amended judgment by day's end in the petitioner's criminal case, 10-cr-25.

2

The likely result of that amended judgment will be that the petitioner will be immediately eligible for release from the custody of the Bureau of Prisons.

There remains, however, Ground One of the petition—the petitioner's assertion that his trial counsel was ineffective. The amended judgment does not automatically dispose of that issue.

Accordingly, the court **ORDERS** that no later than the end of the day on **Friday, November 4, 2016**, the parties shall file statements with the court, indicating their respective positions on whether the petitioner's Sixth Amendment claim is moot, and whether there are any issues remaining for this court to resolve. If the parties hold the same position, they may file a single, joint statement. If either party believes that there is a need for further proceedings, or for the court to decide the Sixth Amendment or any other issue, the party should indicate as much in the statement.

Dated in Milwaukee, Wisconsin this 4th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge