UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC S. SCANLAN,  Case No. 13-cv-440-pp

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

---

**ORDER DISMISSING AS MOOT REMAINDER OF AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255 (DKT. NO. 11)**

---

On April 22, 2013, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Dkt. No. 1. Judge Randa appointed counsel to represent the petitioner, Dkt. No. 6, and on October 11, 2013, counsel filed an amended motion, Dkt. No. 11.

  The amended motion raised two issues: (1) whether the defendant was denied his Sixth Amendment right to counsel when trial counsel in <u>United State v. Scanlan</u>, Case No. 10-cr-25, failed to contest the use of the defendant's California burglary conviction to enhance his Guidelines sentence, and (2) whether it was improper for the sentencing court in that case to use the California burglary conviction to enhance the petitioner's sentence under U.S.S.G. §2K2.1(a)(2). <u>Id.</u> at 4-5.

  The parties fully briefed both issues. Dkt. Nos. 14 (petitioner's brief); 16 (respondent's opposition brief); 17 (petitioner's reply brief). On October 31,

1

2014, prior to Judge Randa having ruled on the motion, Scanlan's counsel filed a letter notifying the court that the Seventh Circuit had issued recent decision which bolstered Scanlan's position regarding the timing of his petition. Dkt. No. 18. On August 10, 2015—again, before Judge Randa had issued a decision—the parties filed a joint request, asking the court to allow them to brief the issue of how the United States Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015) might impact the issue the petitioner had raised in Ground Two. Dkt. No. 20. The court allowed the parties to brief that issue; the last brief was filed on November 24, 2015. Dkt. No. 23.

On January 26, 2016, Judge Randa stayed all further proceedings in this case to await the outcome of several decisions pending before the Seventh Circuit: United States v. Hurlburt/Gillespie, ___ F.3d ___, 2016 WL 4506717 (7th Cir., August 29, 2016) and United States v. Rollins, ___ F.3d ___, 2016 WL 4587028 (7th Cir., August 29, 2016). As the citations indicate, the Seventh Circuit decided those cases on August 29, 2016.

The series of cases starting with Descamps v. United States, 133 S. Ct. 2276 (2013), and running through Hurlburt/Gillespie and Rollins, resulted in sufficient changes in the law that the court asked the respondent whether it objected to the court granting the petition as to Ground Two, to the extent of entering an amended judgment reducing the petitioner's sentence. Dkt. No. 27. The government indicated that it did not object, and on October 4, 2016, the court entered an amended judgment and statement of reasons in the criminal case, United States v. Scanlan, Case No. 10-cr-25 (Dkt. Nos. 35, 36).

2

There remained, however, Ground One of the petition—the petitioner's assertion that his trial counsel was ineffective. The amended judgment did not automatically dispose of that issue. On October 4, 2016, the court ordered that by day's end on November 4, 2016, the parties file statements regarding whether the petitioner's Sixth Amendment ineffective assistance of counsel claim effectively was moot. Dkt. No. 30.

On October 26, 2016, the petitioner's appointed counsel filed a letter with the court. Dkt. No. 31. In that letter, counsel informed the court that the petitioner had been released from the custody of the Bureau of Prisons. Id. at 1. He also informed the court that he had conferred with counsel for the respondent, and that after reviewing the entire file and the status of the proceedings, counsel for both parties agreed that the petitioner's Sixth Amendment claim now was moot, and required no further proceedings. Id. The court is grateful to both counsel for their prompt review of this issue, and their report.

Accordingly, the court **ORDERS** that the petitioner's October 11, 2013 amended motion to vacate, set aside or correct sentence is **DISMISSED AS MOOT**. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 9th day of November, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge